**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4839**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

EMMANUEL WASHINGTON,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, District Judge.  (3:00-cr-00063-nkm-14)

Submitted:  June 10, 2009                Decided:  July 2, 2009

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David L. Heilberg, DYGERT, WRIGHT, HOBBS & HEILBERG, PLC, Charlottesville, Virginia, for Appellant.  Julia C. Dudley, United States Attorney, Ronald M. Huber, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Emmanuel Washington appeals the district court's judgment imposing a 27-month prison sentence upon the revocation of his supervised release. Although Washington does not contest the revocation on appeal, he maintains that the district court's sentence is not reasonable as it was premised upon an improper calculation of the Chapter Seven policy statement range, see U.S. Sentencing Guidelines Manual ("USSG") (2007), because the state crimes for which he was convicted do not fit the criteria for a Grade A violation. He also contends that the district court impermissibly considered testimonial hearsay, in violation of the Sixth Amendment's Confrontation Clause, and erred in considering conduct for which he was acquitted in state court. Finally, he argues that the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and to provide a sufficient explanation for the 27-month sentence. We affirm.

We review a sentence imposed after revocation of supervised release to determine whether it is plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-40 (4th Cir. 2006). The first step in this analysis is whether the sentence was unreasonable. Id. at 438. In conducting this review, this court follows generally the procedural and substantive considerations employed in reviewing original sentences. Id. The district court commits procedural error by

2

improperly calculating the Guidelines.  <u>Gall v. United States</u>, 552 U.S. 38, 128 S. Ct. 586, 597 (2007).  In assessing whether the district court properly applied the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo.  <u>United States v. Osborne</u>, 514 F.3d 377, 387 (4th Cir.), <u>cert. denied</u>, 128 S. Ct. 2525 (2008).  For mixed questions of law and fact, we apply a due deference standard in reviewing the district court.  <u>Id.</u>

Although the district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines and the statutory factors in § 3553(a) and 18 U.S.C. § 3583, "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." <u>Crudup</u>, 461 F.3d at 439 (quoting <u>United States v. Lewis</u>, 424 F.3d 239, 244 (2d Cir. 2005)) (internal quotation marks omitted).  Finally, on review, we will assume a deferential appellate posture concerning issues of fact and the exercise of discretion.  <u>Id.</u>

Because Washington did not object to the district court's finding that he committed a Grade A violation of the terms of his supervised release, we review this claim for plain error.  <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993).  Under the plain error standard, Washington must show: (1) there was error; (2) the error was plain; and (3) the error affected his

3

substantial rights.  Id.  Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously" affects the "fairness, integrity, or public reputation of judicial proceedings."  Id. at 736 (internal quotation marks omitted).

Under USSG § 7B1.1(a)(1), p.s., a state offense punishable by a term of imprisonment exceeding one year that is a "crime of violence" constitutes a Grade A violation of a defendant's supervised release.  The term "crime of violence" includes any offense punishable by a term of imprisonment exceeding one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "involves use of explosives [] or otherwise involves conduct that presents a serious potential risk of physical injury to another."  USSG § 4B1.2(a)(1) & (2); see USSG § 7B1.1, p.s., comment. (n.2).

The commentary to USSG § 7B1.1, p.s. emphasizes that the "grade of violation does not depend on the conduct that is the subject of criminal charges of which the defendant is convicted in a criminal proceeding.  Rather, the grade of violation is to be based on the defendant's actual conduct." USSG § 7B1.1, p.s., comment. (n.1).  In this case, Washington was charged under Virginia law with, among other offenses, abduction and malicious wounding, both felonies punishable by a

4

year or more in prison.  See Va. Code Ann. §§ 18.2-47(A), 18.2-51 (West 2007).  These crimes meet the requirements of USSG § 7B1.1(a)(1)(A), p.s. in that they are state crimes of violence punishable by more than one year's imprisonment.  See Va. Code Ann. § 18.2-10 (West 2007).  Thus, they constitute Grade A violations.

Washington argues that because he was ultimately convicted of two state misdemeanors, he cannot be deemed to have committed a Grade A violation of his supervised release.  This is simply incorrect.  A violation of the terms of supervised release is determined on the basis of a defendant's conduct and may be found whether Washington was ever convicted of any particular offense.  See United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002).  Further, although a conviction requires proof beyond a reasonable doubt, a violation of supervised release need only be proved by a preponderance of the evidence, see 18 U.S.C. § 3583(e)(3).

As to the evidence the district court considered in finding a Grade A violation, Washington lodges two challenges. First, Washington asserts that his Sixth Amendment right to confrontation, as elucidated in Crawford v. Washington, 541 U.S. 36, 68 (2004), was violated because the district court considered testimonial hearsay in the Probation Officer's violation report.  Washington's Sixth Amendment claim fails,

5

however, as Crawford does not apply to supervised release revocation proceedings because they are not "criminal prosecutions" under the Sixth Amendment. See United States v. Kelley, 446 F.3d 688, 691-92 (7th Cir. 2006); United States v. Rondeau, 430 F.3d 44, 47-48 (1st Cir. 2005); United States v. Hall, 419 F.3d 980, 985-86 (9th Cir. 2005); United States v. Kirby, 418 F.3d 621, 627 (6th Cir. 2005); United States v. Martin, 382 F.3d 840, 844 n.4 (8th Cir. 2004).

Relying on United States v. Booker, 543 U.S. 220 (2005), Washington also asserts that the district court erred in considering conduct for which he was acquitted in state court. He reasons that his sentence violates the Sixth Amendment because the district court, in reaching its conclusion that he committed a Grade A violation, engaged in impermissible judicial fact-finding. This argument is also without merit, however, as sentencing courts may properly consider acquitted conduct in fashioning a sentencing range, as long as the conduct is proven by a preponderance of the evidence. See United States v. Watts, 519 U.S. 148, 155-56 (1997) (holding that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence"). This rule remains valid, even after Booker. United States v. Mercado, 474 F.3d 654, 657-58 (9th Cir. 2007) (collecting cases), cert.

6

denied, 128 S. Ct. 1736 (2008); see United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) (rejecting claim that sentence violates Sixth Amendment if it depended on judge-found facts to survive reasonableness review as "too creative for the law as it stands"), cert. denied, 129 S. Ct. 950 (2009); United States v. Battle, 499 F.3d 315, 322-23 (4th Cir. 2007) ("When applying the Guidelines in an advisory manner, the district court can make factual findings using the preponderance of the evidence standard."), cert. denied, 128 S. Ct. 1121 (2008).

Washington's Sixth Amendment claims are without merit and the fact that he was ultimately convicted of only misdemeanors has no bearing on the district court's finding of a Grade A violation. As Washington lodges no other challenge to the district court's calculation of the applicable policy statement range, we discern no plain error.

Finally, Washington asserts that the district court erred because it failed to consider the 18 U.S.C. § 3553(a) factors and to provide a sufficient explanation for its imposition of the sentence. Because the district court failed to provide any explanation for why it imposed the 27-month sentence or what sentencing factors it considered, the sentence is at least arguably both procedurally and substantively unreasonable. Nonetheless, we conclude that Washington's sentence is not "plainly" unreasonable because the sentence was

7

within the recommended Guidelines range and does not exceed the applicable statutory maximum. Further, Washington does not assert any "clear" or "obvious" error in the sentence. <u>See</u> <u>Crudup</u>, 461 F.3d at 439.

Accordingly, we affirm the district court's judgment. We also deny Washington's pending motion to expedite decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>