**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PETER SUTRO WAINE,
        *Petitioner-Appellant,*

v.

JOSEPH P. SACCHET, Warden of
Maryland Correctional Institution;
JOHN JOSEPH CURRAN, JR.,
        *Respondents-Appellees.*

No. 02-7104

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-00-1040-CCB)

Argued: December 3, 2003

Decided: January 22, 2004

Before WILKINSON and NIEMEYER, Circuit Judges,
and HAMILTON, Senior Circuit Judge

Affirmed by published opinion. Senior Judge Hamilton wrote the
opinion, in which Judge Wilkinson and Judge Niemeyer joined.

**COUNSEL**

**ARGUED:** Fred Warren Bennett, BENNETT & NATHANS, L.L.P.,
Greenbelt, Maryland, for Appellant. Ann Norman Bosse, Assistant
Attorney General, Criminal Appeals Division, OFFICE OF THE
ATTORNEY GENERAL, Baltimore, Maryland, for Appellees. **ON**

**BRIEF:** J. Joseph Curran, Jr., Attorney General of Maryland, Criminal Appeals Division, OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland, for Appellees.

---

## OPINION

HAMILTON, Senior Circuit Judge:

Peter Sutro Waine (Waine) appeals from a district court order denying his petition for a writ of habeas corpus, 28 U.S.C. § 2254, in which he challenged his 1976 Maryland state court convictions and two consecutive life sentences for the murders of Lyle Ager and Marilyn Smith of Abingdon, Maryland. Waine also challenged his related 1976 Maryland state court conviction and consecutive fourteen year sentence for larceny of the victims' automobile.

On July 2, 2003, we granted Waine a certificate of appealability with respect to his "claim that his counsel was ineffective based on his failure to object to a jury instruction defining the Government's burden of proof in regard to reasonable doubt using 'willing to act' language without any indication that the evidence had to be sufficient to make one willing to act 'without hesitation' or 'without reservation.'"[1] In the same order, we denied Waine a certificate of appealability and dismissed his appeal with respect to all other issues.

Having concluded that Waine is not entitled to habeas corpus relief with respect to the sole claim on which we granted Waine a certificate of appealability, we affirm the district court's order.

---

[1]Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, an individual cannot appeal a denial of collateral relief without first obtaining a certificate of appealability. 28 U.S.C. § 2253(c). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), and it must specify the issue or issues as to which the certificate of appealability has been granted, *id.* § 2253(c)(3).

## I

In March 1975, Waine was arrested in Arizona while driving an automobile belonging to Marilyn Smith (Smith). A month later, the decomposing bodies of Smith and her companion, Lyle Ager (Ager), were found in their home in Abingdon, Maryland. They had been bludgeoned to death with numerous blows to their bodies by a blunt instrument.

In connection with the deaths of Smith and Ager and Waine's possession of Smith's automobile, Waine was charged with two counts of first degree murder and one count of larceny of an automobile. Following a jury trial in 1976, Waine was convicted on all three counts and sentenced to consecutive life terms on the two murder convictions and a consecutive term of fourteen years on the larceny conviction. Maryland's intermediate appellate court subsequently affirmed the judgments against Waine. *Waine v. State of Maryland*, 377 A.2d 509 (Md. Ct. Spec. App. 1977).

On April 23, 1997, Waine initiated state post-conviction proceedings in the Circuit Court for Harford County (the Postconviction Court). Waine's petition for state post-conviction relief, as supplemented, was denied in a written decision filed June 17, 1999.

In an unreported opinion filed on March 13, 2000, the Maryland Court of Special Appeals declined to review Waine's case, stating: "The application of Peter S. Waine for leave to appeal from a denial of post conviction relief, having been read and considered, is denied." (J.A. 51). On or about April 7, 2000, Waine filed a motion for reconsideration in the Maryland Court of Special Appeals pursuant to Maryland Rule 8-605.

On April 11, 2000, Waine filed this federal habeas petition, together with a motion asking the district court to hold the petition in abeyance pending complete exhaustion of his state post-conviction remedies. His federal habeas petition listed all the claims he had raised on state habeas and stated that he could not determine what issues would be presented to the district court on his federal habeas petition "until such time as the Court of Special Appeals of Maryland acts on [his] timely filed Motion for Reconsideration." (J.A. 56). The

petition also stated that each of the specific grounds that will be raised on federal habeas "will have been raised and exhausted in state court." (J.A. 56). One of the specific grounds raised by Waine and exhausted on state habeas was his claim that his trial counsel had rendered ineffective assistance by failing to object to the trial court's instruction defining reasonable doubt.

On April 18, 2000, the district court granted the motion to hold Waine's federal habeas petition in abeyance, and ordered Waine to file a status report of his state post-conviction proceedings every thirty days. On May 31, 2001, Waine filed in the district court a supplement to his federal habeas corpus petition, alleging, as is relevant here, that his trial counsel had rendered ineffective assistance by failing to object to the trial court's instruction defining reasonable doubt.

By order dated June 26, 2001, the Court of Special Appeals of Maryland denied Waine's motion for reconsideration. On June 27, 2001, the Court of Special Appeals of Maryland issued its mandate in Waine's case.

On June 17, 2002, the district court denied Waine any relief on his federal habeas petition. With respect to Waine's ineffective assistance of counsel claim regarding his trial counsel's failure to object to the trial court's reasonable doubt instruction, the district court held that, in applying the ineffective assistance of counsel test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the Maryland state court "did not apply federal law unreasonably in finding that trial counsel was not ineffective for failing to object to the reasonable doubt instruction." (J.A. 167).

Waine timely sought appeal of the district court's order. As previously stated, we granted Waine a certificate of appealability with respect to his "claim that his counsel was ineffective based on his failure to object to a jury instruction defining the Government's burden of proof in regard to reasonable doubt using 'willing to act' language without any indication that the evidence had to be sufficient to make one willing to act 'without hesitation' or 'without reservation.'" We denied Waine a certificate of appealability and dismissed his appeal with respect to all other issues.

## II

The only claim before us is Waine's claim "that his counsel was ineffective based on his failure to object to a jury instruction defining the Government's burden of proof in regard to reasonable doubt using 'willing to act' language without any indication that the evidence had to be sufficient to make one willing to act 'without hesitation' or 'without reservation.'"

At Waine's 1976 trial, the trial court instructed the jury as follows regarding reasonable doubt:

> The burden of proof in this case, as in all criminal cases, rests upon the State. Here the State has a different and greater burden than does a plaintiff in a civil case. In the latter, the plaintiff must prove his case by a mere preponderance of the evidence. In a criminal case, the State must prove every element of the crime charged beyond a reasonable doubt and to a moral certainty. The jury must not assume that the accused is guilty merely because he is being prosecuted and because criminal charges have been proffered against him. He comes into court presumed to be innocent, and this status remains with him throughout the trial.

> The plea of not guilty is all the denial of the commission of the crime that a defendant need make. The State has the burden of proving him to be guilty by evidence which produces an abiding conviction of guilt in the minds of the jury beyond a reasonable doubt and to a moral certainty.

> Now, this does not mean that the State has the burden of proving to a mathematical certainty that he is guilty, and that there is no other possibility beyond the evidence than that of guilt. If the evidence is of such a character as to persuade the jury of the truth of the charges with the same force that would be sufficient to persuade a member of the jury to act on that conviction of truth in his own important business affairs or important affairs in his own life or career, then the jury may conclude the State has met the burden of proof beyond a reasonable doubt and to a moral certainty.

> The verdict must represent the considered judgment of each juror. In order to return a verdict it is necessary that each juror agree thereto. Your verdict must be unanimous.

> If, after consideration of the whole case, any juror should entertain a reasonable doubt of the guilt of the defendant, it is the duty of the juror so entertaining such doubt not to vote for a conviction.

(J.A. 6-7). For reasons that follow, we affirm the district court's denial of federal habeas relief on Waine's claim of ineffective assistance of counsel with respect to counsel's failure to object to the trial court's jury instruction defining the government's burden of proof in regard to reasonable doubt using "willing to act" language without any indication that the evidence had to be sufficient to make one willing to act "without hesitation" or "without reservation."

The Sixth Amendment requires that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," U.S. Const. amend. VI, and that such assistance be effective, *Strickland*, 466 U.S. at 686. In order to establish an ineffective assistance of counsel claim, a defendant must establish that his "counsel's representation fell below an objective standard of reasonableness," measured by the "prevailing professional norms," *id.* at 688, and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Because this claim was adjudicated on the merits by the Postconviction Court, our review is limited to determining whether the decision of that court "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The phrase "clearly established Federal law," *id.* § 2254(d)(1), "refers to the holdings, as opposed to the dicta, of the

Court's decisions as of the time of the relevant state-court decision." *Booth-El v. Nuth*, 288 F.3d 571, 575 (4th Cir. 2002) (internal quotation marks and alteration marks omitted). Further, a state postconviction court's decision is "contrary to" clearly established federal law, as determined by the Supreme Court, either: (1) "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Finally, "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Notably, an "*unreasonable* application of federal law is different from an *incorrect* application of federal law," because an incorrect application of federal law is not, in all instances, objectively unreasonable. *Id.* at 410.

Waine contends that the Postconviction Court's decision denying his ineffective assistance of counsel claim with respect to his trial counsel's failure to object to the "willing to act" language in the trial court's reasonable doubt instruction was contrary to and/or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. In support, Waine primarily relies upon the Supreme Court's decision in *Holland v. United States*, 348 U.S. 121 (1954), and the Court of Appeals of Maryland's decision in *Lambert v. State*, 69 A.2d 461 (Md. 1949). According to Waine, from these two decisions, a competent lawyer, at the time of his trial in 1976, would have known that the inclusion of the "willing to act" language in the reasonable doubt instruction given at his trial without any indication that the evidence had to be sufficient to make one willing to act "without hesitation" or "without reservation" violated the Due Process Clause of the Fourteenth Amendment. U.S. Const. amend. XIV. Waine argues, therefore, in failing to object to the reasonable doubt instruction given at his trial, his counsel's representation fell below an objective standard of reasonableness as is necessary to satisfy the performance prong of *Strickland*'s two-prong test for successfully establishing an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 687. Waine further argues that he has satisfied

*Strickland*'s prejudice prong because under *Sullivan v. Louisiana*, 508 U.S. 275 (1993), a constitutionally deficient reasonable doubt instruction is not amenable to harmless error analysis. *Id.* at 279-82.

The Due Process Clause of the Fourteenth Amendment protects an accused "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). Thus, "[t]he beyond a reasonable doubt standard is a requirement of due process . . . ." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). While the Constitution requires that juries be instructed on the necessity that the defendant's guilt be proven beyond a reasonable doubt, it "neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course." *Id.* "Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proved beyond a reasonable doubt, the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." *Id.* (internal citation omitted). "Rather, taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury." *Id.* (internal quotation marks and alteration marks omitted).

Waine argues that with *Holland* on the books at the time of his 1976 trial, his trial counsel's failure to object to the reasonable doubt instruction given at his trial was objectively unreasonable. Waine's reliance on *Holland* is misplaced. In *Holland*, the Supreme Court addressed a defendant's challenge to the trial court's jury instruction defining reasonable doubt as "'the kind of doubt . . . which you folks in the more serious and important affairs of your own lives might be willing to act upon.'" *Id.* at 140. In *dicta*, the Court criticized the "willing to act" language and stated a preference for language defining reasonable doubt as the kind of doubt that would make a person hesitate to act. *Id.* The Court then stated:

> But we believe that the instruction as given was not of the type that could mislead the jury into finding no reasonable doubt when in fact there was some. A definition of a doubt as something the jury would act upon would seem to create confusion rather than misapprehension. Attempts to explain the term reasonable doubt do not usually result in making it

    any clearer to the minds of the jury, and we feel that, taken
as a whole, the instructions correctly conveyed the concept
of reasonable doubt to the jury.

*Id.* at 140 (internal quotation marks and citations omitted).

    Of significant importance in the present appeal, the Supreme
Court's holding in *Holland* did not fault the instruction given to the
extent of finding error, let alone find a violation of the Due Process
Clause. Also of significant importance, some sixty-seven years prior
to *Holland*, in *Hopt v. Utah*, 120 U.S. 430 (1887), the Supreme Court
unequivocally upheld the following jury instruction, which is materi-
ally indistinguishable from the "willing to act" language challenged
by Waine: "[I]f, after such impartial comparison and consideration of
all the evidence, you can truthfully say that you have an abiding con-
viction of the defendant's guilt, such as you would be willing to act
upon in the more weighty and important matters relating to your own
affairs, you have no reasonable doubt." *Id.* at 439. Indeed, the Court
observed: "It is difficult to conceive what amount of conviction would
leave the mind of a juror free from a reasonable doubt, if it be not one
which is so settled and fixed as to control his action in the more
weighty and important matters relating to his own affairs." *Id.*

    *Hopt* and *Holland* are the sum total of Supreme Court precedent
available to Waine's trial counsel in 1976 with respect to the "willing
to act" language in the trial court's reasonable doubt instruction to the
jury. Given the state of this precedent, we cannot say that Waine's
counsel was objectively unreasonable in failing to object to such lan-
guage at Waine's trial in 1976. In this regard, we are mindful that
"[j]udicial scrutiny of counsel's performance must be highly deferen-
tial," and "every effort [must] be made to eliminate the distorting
effects of hindsight . . . and to evaluate the [challenged] conduct from
counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

    Moreover, consideration of *Lambert v. State*, 69 A.2d 461 (Md.
1949) does not change our view. At oral argument, Waine's counsel
vigorously contended that twenty-seven years before his trial, *Lam-
bert* held erroneous an instruction containing the same "willing to act"
language instructed at his trial. Given *Strickland*'s teaching that we
measure counsel's professional performance under the professional

norms prevailing at the time of counsel's challenged conduct, Waine's counsel argued that trial counsel was objectively unreasonable in failing to object to the "willing to act" language given that the charge did not also include language indicating that the evidence had to be sufficient to make one willing to act "without hesitation" or "without reservation."

As with Waine's reliance on *Holland*, his reliance on *Lambert* is also misplaced. The following instruction upheld in *Lambert* is materially indistinguishable from the "willing to act" language charged at Waine's trial: "'[Reasonable Doubt] means such evidence as you would act upon in a matter involving important affairs in your life or your business or with regard to your property. If the evidence is sufficient that you would act upon it in a very important matter in your own lives, then it is sufficient to convict in a criminal case.'" *Id.* at 464. Finally, given that jury instructions must be reviewed as a whole, *United States v. Wills*, 346 F.3d 476, 492 (4th Cir. 2003), the fact that the reasonable doubt instruction given at Waine's trial contained language equating the concept of guilty beyond a reasonable doubt with an "abiding conviction of guilt in the minds of the jury beyond a reasonable doubt," (J.A. 7), firmly cements our conclusion that the district court did not err with respect to the claim before us. *Cf. Victor*, 511 U.S. at 21 (reviewing a challenged reasonable doubt instruction and stating: "Instructing the jurors that they must have an abiding conviction of the defendant's guilt does much to alleviate any concerns that the phrase 'moral certainty' might be misunderstood in the abstract.").

In sum, the reasonable doubt instructions upheld in the pre-1976 cases of *Hopt*, *Holland*, and *Lambert*, are materially indistinguishable with respect to the presence of the "willing to act" language and the absence of "without hesitation" or "without reservation" language in the reasonable doubt instruction given at Waine's trial. While we acknowledge that, prior to Waine's trial, the Supreme Court had criticized, in *dicta*, "willing to act" language similar to that charged at Waine's trial, *dicta* does not and cannot overrule established Supreme Court precedent. *United States v. Pasquantino*, 336 F.3d 321, 329 (4th Cir. 2003) (*en banc*) (*dicta* cannot serve as a source of binding authority in American jurisprudence); *see also United States v. Dixon*, 509 U.S. 688, 706 (1993) (quoting *United States Nat. Bank of Or. v.*

*Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 463, n. 11 (1993), on "'the need to distinguish an opinion's holding from its dicta'"). Therefore, we hold that Waine's counsel was not objectively unreasonable in failing to object to the "willing to act" language in the reasonable doubt instruction given at his trial. It follows that the Postconviction Court's denial of Waine's ineffective assistance of counsel claim challenging the same language is not contrary to or an unreasonable application of clearly established Supreme Court precedent. Having failed *Strickland*'s performance prong, we need not address *Strickland*'s prejudice prong.[2]

### III

In conclusion, we hold the Postconviction Court's denial of relief to Waine with respect to Waine's claim that his trial counsel was constitutionally ineffective for failing to object to the "willing to act" language in the reasonable doubt instruction given at his trial was not contrary to or an unreasonable application of federal law, as established by the Supreme Court. Accordingly, we affirm the district court's order denying Waine's petition for a writ of habeas corpus.[3]

*AFFIRMED*

---

[2]Waine argues that we should review his claim *de novo*, without giving the Postconviction Court AEDPA deference, because the Postconviction Court misdescribed the burden of proof with respect to *Strickland*'s prejudice prong. We need not address this argument, because as we have already explained, Waine's ineffective assistance of counsel claim does not satisfy *Strickland*'s initial performance prong.

[3]As an alternative to affirmance, the State contends that we should dismiss Waine's federal habeas petition as untimely. We have carefully reviewed the entire record in this regard and find the State's contention to be without merit.