**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4460**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LEE DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:17-cr-00230-RJC-DSC-1)

Submitted: May 13, 2019                                   Decided: May 23, 2019

Before KING and AGEE, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Edward Yeager, Jr., Cornelius, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lee Davis pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), 846 (2012), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2012). Davis was found to be a career offender and was sentenced to 262 months in prison. He appeals, claiming that counsel was ineffective for failing to challenge his career offender status. We affirm.

In *United States v. Galloway*, 749 F.3d 238 (4th Cir. 2014), we observed:

> It is well established that a defendant may raise a claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that counsel did not provide effective assistance. Otherwise, he must raise his claim in the district court by a collateral challenge pursuant to 28 U.S.C. § 2255 [2012].

*Id.* at 241 (alterations and internal quotation marks omitted). To succeed on a claim of ineffective assistance, Davis must show that counsel's representation was deficient and that he was prejudiced by the deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984). To establish prejudice in the context of a guilty plea, Davis must establish "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A defendant qualifies as a career offender:

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

2

U.S. Sentencing Guidelines Manual § 4B1.1(a) (2018). In *United States v. Whitley*, 737 F. App'x 147 (4th Cir. 2018), we held that Whitley's prior 21 U.S.C. § 846 drug conspiracy convictions were not "controlled substance offenses" because a § 846 conspiracy does not require an overt act, and he accordingly lacked the two predicate felony convictions necessary to be a career offender. *Id.* at 149. Relying on *Whitley*, Davis contends that his offense of conviction—the § 846 drug conspiracy—was similarly not a "controlled substance offense," and counsel was ineffective for failing to challenge his career offender status on this basis.

"A lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent. . . . Nor [is counsel ineffective for] failing to anticipate changes in the law, or to argue for an extension of precedent." *United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019). Davis was sentenced prior to the issuance of our unpublished *Whitley* decision. Moreover, several of our published decisions have ruled that a § 846 drug conspiracy qualifies as a controlled substance offense for career offender purposes. *United States v. Kennedy*, 32 F.3d 876, 888 (4th Cir. 1994); *see also United States v. Brandon*, 363 F.3d 341, 345 (4th Cir. 2005); *United States v. Walton*, 56 F.3d 551, 555 (4th Cir. 1995).

For those reasons, we are satisfied that ineffective assistance of counsel does not conclusively appear on the face of the record. *See United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008). Davis should thus raise his claim, if at all, in a § 2255 motion filed in the district court. *See Galloway*, 749 F.3d at 241. We therefore affirm. The government's motion for summary affirmance is denied. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*