**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4629**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARL JACK HALL,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:16-cr-00147-MR-DLH-1)

Submitted:  August 12, 2019                Decided:  August 29, 2019

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric J. Foster, Asheville, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Jack Hall appeals the denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal, his convictions for receiving and attempting to receive child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) (2012), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2012), and his resulting 108-month sentence. On appeal, Hall challenges the sufficiency of the evidence supporting his convictions, contests the propriety of one of the district court's jury instructions, and argues that, at sentencing, the district court deprived him of the effective assistance of counsel. For the reasons that follow, we affirm.

"We review de novo a district court's denial of a Rule 29 motion." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). "We must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *Id.* "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017) (internal quotation marks omitted).

Hall concedes that the Government adduced sufficient evidence to prove that his laptop computer was used to receive and possess child pornography; however, Hall claims that he was not the person responsible for that illegal content, emphasizing that his friends and others frequently borrowed his laptop. However, the jury heard testimony that Hall secured his computer with a password and fingerprint scanner, such that nobody could

2

unlock the laptop without Hall's assistance, and that Hall always remained present when he allowed others to use his computer. Thus, there was ample evidence that Hall maintained control over his laptop. In addition, one of Hall's acquaintances claimed that she saw Hall watching a video showing an adult man shaving an underage girl's pubic area, and one of Hall's roommates testified that he witnessed Hall watching a video of young girls having sex. From this evidence, a reasonable jury could conclude that Hall, and not some other person, sought out and obtained the illicit materials found on his computer. Consequently, we affirm the district court's denial of Hall's Rule 29 motion.[1]

Because Hall did not object to the district court's jury instruction, we review only for plain error. *United States v. Alvarado*, 816 F.3d 242, 248 (4th Cir. 2016). A jury instruction is not erroneous if, "in light of the whole record, [it] adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 130 (2018). "Even if a jury was erroneously instructed, however, we will not set aside a resulting verdict unless the

---

[1] Contrary to Hall's argument, this case is vastly different from *United States v. Lowe*, 795 F.3d 519, 520 (6th Cir. 2015), a "multiple-user" case in which the Sixth Circuit reversed the defendant's conviction for downloading child pornography onto the laptop he shared with his wife and a minor relative. In finding the evidence insufficient, the court in *Lowe* emphasized that neither the laptop nor the computer program used to download child pornography was password protected. *Id.* at 521, 523-24. By contrast, here, not only did Hall lock his computer, but also Hall's friends saw him watching pornographic videos involving children.

erroneous instruction *seriously* prejudiced the challenging party's case." *Id.* (internal quotation marks omitted).

Hall primarily takes issue with the district court's instruction that "[a]n individual's browsing history which shows repeated accessing of child pornography websites is deemed evidence of possession." (J.A. 643).[2] This instruction, however, was a fair statement of the law. *See Miltier*, 882 F.3d at 87 (concluding that computer search history evidence supported convictions for receiving and possessing child pornography); *United States v. Ramos*, 685 F.3d 120, 132 (2d Cir. 2012) (same).[3] In addition, we discern no support for Hall's contention that the challenged sentence, when read in context, collapsed the distinction between joint possession of the computer and joint possession of illegal images thereon. Thus, we conclude that the court did not err, let alone plainly err, in instructing the jury on this point.

Finally, Hall argues that the district court violated his Sixth Amendment right to counsel by rejecting his request to order trial transcripts so that his sentencing counsel—who, appointed months after the jury convicted Hall, had not attended the trial—could adequately prepare for sentencing. "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without

---

[2] "J.A." refers to the joint appendix filed by the parties in this appeal.

[3] To the extent Hall suggests that "is deemed" meant "conclusively establishes," we decline to read the instruction this way. *See United States v. Kain*, 589 F.3d 945, 950 (8th Cir. 2009) ("The presence of child pornography in temporary internet and orphan files on a computer's hard drive is *evidence* of prior possession of that pornography, though of course it is not conclusive evidence of knowing possession and control of the images.").

4

effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." *United States v. Breckenridge*, 93 F.3d 132, 135 (4th Cir. 1996). Under the familiar *Strickland*[4] standard, a defendant alleging a Sixth Amendment violation must demonstrate both deficient performance from counsel and resulting prejudice. *United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019). However, under *Strickland*'s companion case, *United States v. Cronic*, 466 U.S. 648, 659-61 (1984), prejudice is presumed if the defendant can show (1) a complete denial of counsel, (2) a constructive denial of counsel, or (3) that "the [circumstances surrounding the case] made it so unlikely that any lawyer could provide effective assistance," *id.* at 661.

Hall makes no attempt to show actual prejudice; rather, he places his case in the third *Cronic* category, arguing that the district court presumptively prejudiced his sentencing hearing by denying counsel access to the trial transcripts. "[U]nder the third scenario, . . . the presumption of prejudice applies only in limited, egregious circumstances, not simply because counsel was belatedly appointed and the court refused to grant additional time to prepare." *United States v. Coleman*, 835 F.3d 606, 612 (6th Cir. 2016) (internal quotation marks omitted). For example, in *Cronic*, the Supreme Court refused to apply the per se prejudice rule where "a young real-estate lawyer . . . was allowed only 25 days of pretrial preparation in a complex mail fraud case." *Glover v. Miro*, 262 F.3d 268, 277 (4th Cir. 2001) (citing *Cronic*, 466 U.S. at 649). The situation here was far less troubling, as counsel had nearly five months to prepare for a sentencing hearing, not 25

---

[4] *Strickland v. Washington*, 466 U.S. 668 (1984).

days for a complex trial, and there is no indication that the issues were particularly complicated. Thus, absent actual prejudice, which Hall has not established, his Sixth Amendment claim must fail.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*