**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-6635

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIERON MATTHEW WILLIAMS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:14-cr-00596-GLR-1; 1:17-cv-00440-GLR)

_____

Submitted:  October 27, 2021                              Decided:  January 24, 2022

_____

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and FLOYD, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Kieron Matthew Williams, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kieron Matthew Williams seeks to appeal the district court's order (1) denying his motion to compel plea counsel to produce his case file and (2) denying relief, without an evidentiary hearing, on certain ineffective assistance of counsel claims raised in his 28 U.S.C. § 2255 motion.

First, we review the denial of a motion to compel for abuse of discretion.[1] *See Horne v. WTVR, LLC*, 893 F.3d 201, 212 (4th Cir. 2018). Under the Maryland Attorneys' Rules of Professional Conduct, "[u]pon termination of representation, an attorney shall take steps to the extent reasonably practicable to protect a client's interests, such as . . . surrendering papers and property to which the client is entitled." Md. Attys' Rules of Prof'l Conduct R. 19-301.16(d); *see United States v. Basham*, 789 F.3d 358, 388 (4th Cir. 2015) (reviewing legal authority requiring counsel to deliver client's file upon termination of representation). Because Williams' former counsel is obligated to return the case file to Williams, we conclude that the district court misapprehended the applicable legal principles by requiring Williams to demonstrate good cause for production of his own file and, thus, abused its discretion in denying the motion to compel.

Next, Williams challenges the dismissal of his claims that plea counsel rendered ineffective assistance by failing to review discovery with him, discuss potential defenses to the indictment, or properly investigate and explain his sentencing exposure before he

---

[1] Williams does not need a certificate of appealability to challenge the district court's denial of the motion to compel. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009).

2

pled guilty.[2]  Williams emphasizes that he submitted sworn affidavits in support of his claims and that he was therefore entitled, at a minimum, to an evidentiary hearing.  The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Where, as here, the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong.  *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017).

The Sixth Amendment right to effective assistance of counsel extends to the plea-bargaining process. *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013); *see Padilla v. Kentucky*, 559 U.S. 356, 373 (2010).  To succeed on an ineffective assistance of counsel claim, a defendant "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In order to establish deficient performance during plea negotiations, Williams must demonstrate that counsel's advice "fell below an objective standard of

---

[2] Although his § 2255 motion raised additional claims, on appeal, Williams challenges only the district court's rejection of these claims.  He has therefore forfeited review of the remainder of the claims raised in his motion. *See* 4th Cir. R. 34(b); *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014) ("The informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

reasonableness." *Id.* at 688; *see Merzbacher*, 706 F.3d at 363 (applying *Strickland* standard for deficient performance in plea-negotiation context).

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon [and] determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing is required when a § 2255 movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000); *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

We review for abuse of discretion a district court's refusal to conduct an evidentiary hearing to resolve an issue presented in a § 2255 motion. *See United States v. Morris*, 917 F.3d 818, 826-27 (4th Cir. 2019); *Raines*, 423 F.2d at 530. "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment," and the facts must be viewed "in the light most favorable to the § 2255 movant." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). An evidentiary hearing is "especially warranted" when factual allegations in a § 2255 motion "relate primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light, and where the ultimate resolution rests on a credibility determination." *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004) (alteration, citation, and internal quotation marks omitted).

4

The record before this court does not include a transcript of the Fed. R. Crim. P. 11 plea colloquy.  We therefore cannot conclusively reject Williams' contentions about what he was or was not advised by counsel before entering into his plea agreement.  Further, Williams' ability to support this claim was hampered because he did not have access to his case file when drafting his § 2255 motion.  Accordingly, we cannot conclude that "the files and records of the case conclusively show that [Williams] is entitled to no relief," 28 U.S.C. § 2255(b); reasonable jurists could conclude that the district court abused its discretion in denying Williams' motion without an evidentiary hearing.

We therefore grant a certificate of appealability on Williams' challenged ineffective assistance of counsel claims, vacate the portion of the district court's order denying Williams' motion to compel, and remand with instructions to grant the motion to compel and to reconsider Williams' § 2255 claims after providing him with an opportunity to supplement his § 2255 motion with any pertinent evidence from his case file.  We deny Williams' motion for summary disposition, and we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

5