FILED

APR 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10267 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-00749-RS-1 |
| v. | |
| CHRISTOPHER BRYAN ABLETT, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Argued and Submitted February 10, 2014
San Francisco, California

Before: REINHARDT and THOMAS, Circuit Judges, and SESSIONS, District
Judge.[**]

Christopher Ablett appeals his federal jury conviction and sentence for

murder in aid of racketeering, assault with a dangerous weapon in aid of

racketeering, use or possession of a firearm in furtherance of a crime of violence,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable William K. Sessions III, District Judge for the U.S.
District Court for the District of Vermont, sitting by designation.

and use or possession of a firearm in furtherance of a crime of violence resulting in murder.  We have jurisdiction under 28 U.S.C. § 1291.  Because the parties are familiar with the history of this case, we need not recount it here.

I

We need not determine whether the district court erred in its evidentiary rulings, because we conclude that any error was harmless.  An erroneous decision to exclude evidence – even if it amounted to an abuse of discretion – will be reversed only if it is "more likely than not that the error affected the verdict." *United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir. 2000).

The overall strength of the prosecution's case against Ablett was overwhelming.  Ablett, who claimed self-defense and defense of others, shot the victim in the back of the head while the victim was lying prone and immobile in the street, in spite of his and the other endangered parties having two vehicles as a means of escape.  No witness corroborated Ablett's claim that he was fired on by men in a nearby SUV.  Moreover, the jury rejected Ablett's self-defense claim even though eyewitnesses testified that the victim was the first aggressor.  While the excluded evidence may have increased the plausibility of Ablett's account that the victim was the first aggressor and was prone to the use of force, it is unlikely to have affected the verdict.

The evidentiary rulings did not deprive Ablett of his constitutional right to "a meaningful opportunity to present a complete defense," under the Fifth Amendment's guarantee of due process or the Sixth Amendment's guarantee of compulsory process. *Crane v. Kentucky*, 476 U.S. 683, 690 (1986) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). Because the excluded evidence was not "necessary for the defendant to refute a critical element of the prosecution's case" or "essential to the defendant's alternative theory of the case," and in fact Ablett was able to present considerable evidence supporting his self-defense theory, we conclude that there was no constitutional violation. *United States v. Pineda-Doval*, 614 F.3d 1019, 1033 (9th Cir. 2010).

II

Ablett argues that by offering a mutual combat instruction, and allowing the government to frame an argument based on the instruction, the district court violated his freedoms of speech and association protected by the First Amendment. Because Ablett did not raise this issue before the district court, we review the district court's instructions for plain error. Under plain error review, we may reverse a district court's decision only when the defendant establishes that (1) the district court has erred; (2) the error is plain, or "obvious," under current law; (3) the error "affect[s] substantial rights" of the defendant; and (4) the error "seriously

3

affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 733–37 (1993) (internal quotations omitted).

We need not determine whether Ablett satisfied the first three elements of plain error because granting the instruction and allowing argument from it did not "seriously affect the fairness, integrity or public reputation of judicial proceedings," given the overwhelming evidence of guilt and the extreme weakness of the self-defense claim. *Id*.

### III

The government concedes that the district court violated Ablett's rights under the Sixth Amendment's Double Jeopardy Clause by sentencing him to concurrent sentences for both use of a firearm in furtherance of a crime of violence, under 18 U.S.C. § 924(c), and use of a firearm in furtherance of a crime of violence resulting in murder, under 18 U.S.C. § 924(j)(1). Under the *Blockburger* test, Ablett was sentenced twice for the same offense, because the former crime does not require proof of any fact in addition to those that must be proven for the latter crime. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932).

We affirm Ablett's conviction, but remand to the district court with instructions to vacate one of Ablett's sentences under either 18 U.S.C. § 924(c) or 18 U.S.C. § 924(j).

**AFFIRMED in part, REVERSED in part, and REMANDED.**