**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-6067**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

  v.

ISRAEL ERNESTO PALACIOS, a/k/a Homie,

     Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:05-cr-00393-DKC-14; 8:13-cv-02949-DKC)

Argued: October 29, 2020         Decided: December 15, 2020

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed in part and dismissed in part by published opinion. Judge Motz wrote the opinion, in which Judge Keenan and Judge Floyd joined.

**ARGUED:** Mollie Fiero, UNIVERSITY OF GEORGIA SCHOOL OF LAW, Athens, Georgia, for Appellant. Charles David Austin, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** Thomas V. Burch, Anna W. Howard, Miranda Bidinger, Third-Year Law Student, Mandi Goodman, Third-Year

Law Student, Adeline Lambert, Third-Year Law Student, Appellate Litigation Clinic, UNIVERSITY OF GEORGIA SCHOOL OF LAW, Athens, Georgia, for Appellant. Robert K. Hur, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

DIANA GRIBBON MOTZ, Circuit Judge:

Israel Ernesto Palacios sought to appeal the district court's order denying relief on his 28 U.S.C. § 2255 motion. We granted a certificate of appealability as to one issue he raised in order to consider whether his counsel rendered ineffective assistance by failing to assert a double jeopardy defense. We now affirm in part on that question, deny a certificate of appealability as to the remaining issues, and dismiss the remainder of the appeal.

I.

In 2007, a federal grand jury indicted Palacios on several counts stemming from his involvement in the La Mara Salvatrucha gang — more commonly known as MS-13. *See United States v. Palacios*, 677 F.3d 234, 238–42 (4th Cir. 2012). As relevant to this appeal, the lengthy indictment charged Palacios with use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), and murder resulting from the use of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(j). Both crimes concern the murder of Nancy Diaz.

Each of these statutory provisions is designed to punish gun possession by persons engaged in crime. *See Abbot v. United States*, 562 U.S. 8, 12 (2010). Section 924(c) applies to "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," and carries a mandatory minimum five-year sentence. 18 U.S.C. § 924(c). Section 924(j) applies to any "person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm," and, if the killing was a murder, carries a mandatory sentence

of death or life in prison.  *Id*. § 924(j).  Sentences imposed under each of these statutes "must run consecutively to any other sentence."  *United States v. Bran*, 776 F.3d 276, 278, 281–82 (4th Cir. 2015).

Before Palacios's trial, his counsel moved "to dismiss multiplicious [sic] counts."  In support of that motion, he argued that either the § 924(c) or the § 924(j) charge should be dismissed because each could "be proven entirely through the evidence necessary to establish" the other.  The district court denied the motion, correctly explaining that the Double Jeopardy Clause did not "require the Government to elect [between the offenses] at this juncture."  The court stated that it would continue to study the issue and that if Palacios were found guilty on more than one count it would be willing to revisit whether any charges should merge or be dismissed.

After a trial in 2008, a jury convicted Palacios of numerous crimes, including both the § 924(c) and § 924(j) violations that are at issue here.  The district court had instructed the jury that, to convict Palacios of the § 924(j) offense, the jury would have to find that he committed the § 924(c) offense.  After the jury returned its verdict, Palacios's counsel did not renew his earlier challenge to the multiplicity of the § 924(c) and § 924(j) counts or assert the double jeopardy challenge at issue here.  The district court sentenced Palacios to life in prison for the § 924(j) conviction and a successive 120-month term of imprisonment for the § 924(c) conviction.  Palacios appealed his conviction — again without asserting the present double jeopardy challenge — and we affirmed.  *Palacios*, 677 F.3d 234.

Palacios then filed a motion to vacate under 28 U.S.C. § 2255, arguing, *inter alia*, that his counsel provided ineffective assistance by failing to raise a double jeopardy

4

challenge to his convictions under § 924(c) and § 924(j). The district court denied the motion. It held that, given the state of the law at the time of Palacios's trial, "it was not unreasonable for his attorneys to fail to object to his sentence on double jeopardy grounds." We granted a certificate of appealability to consider this question.

## II.

### A.

We review a district court's denial of relief on a § 2255 motion de novo. *United States v. Dinkins*, 928 F.3d 349, 353 (4th Cir. 2019). To succeed on an ineffective assistance of counsel claim, the movant must show that counsel performed in a constitutionally deficient manner and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). This standard also applies to ineffective assistance claims lodged against appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285–89 (2000). Moreover, "[d]eclining to raise a claim on appeal . . . is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017).

"To avoid the distorting effects of hindsight, claims under *Strickland*'s performance prong are evaluated in light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019) (internal quotation marks omitted). "Even where the law is unsettled, . . . counsel must raise a material objection or argument if there is relevant authority strongly suggesting that it is warranted." *Id.* at 824 (internal quotation marks omitted). That is, while counsel "need

not predict every new development in the law, they are obliged to make arguments that are sufficiently foreshadowed in existing case law." *Id.* (alterations and internal quotation marks omitted). But counsel "does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent" or "by failing to anticipate changes in the law, or to argue for an extension of precedent." *Id.*

B.

The Double Jeopardy Clause of the Fifth Amendment provides that no "person [shall] be subject for the same offence to be put twice in jeopardy of life or limb." U.S. Const. amend. V. For nearly a century, courts have interpreted this clause to "protect[] against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). "It does not, however, prohibit the legislature from punishing the same act or course of conduct under different statutes." *United States v. Ayala*, 601 F.3d 256, 265 (4th Cir. 2010). Instead, the Double Jeopardy Clause prevents courts from imposing cumulative sentences unless Congress intended to authorize such multiple punishment. *Id.*

To determine whether two crimes constitute the "same offence" for double jeopardy purposes, we apply the test from *Blockburger v. United States*, 284 U.S. 299, 304 (1932): two crimes are the same unless "each provision requires proof of a fact which the other does not." *See, e.g.*, *Ayala*, 601 F.3d at 265. Two statutes define the same offense when "one is a lesser included offense of the other." *Rutledge v. United States*, 517 U.S. 292, 297 (1996); *see also Harris v. Oklahoma*, 433 U.S. 682, 682–83 (1977) (noting that the Double Jeopardy Clause treats offenses as one "[w]hen, as here, conviction of a greater crime . . . cannot be had without conviction of the lesser crime"). When the offenses are

6

the same under the *Blockburger* test, "cumulative punishment [cannot] be imposed under the two statutes" absent "clear indication of contrary legislative intent." *Missouri v. Hunter*, 459 U.S. 359, 367 (1983).

With these principles in mind, we turn to their application in this case.

III.

The parties agree that § 924(c) is a lesser-included offense of § 924(j).[1] The Government has not suggested that Congress intended to authorize cumulative punishments for convictions under these two statutes. And we can find no evidence of such congressional intent. Indeed, in a number of cases before appellate courts since at least 2014, the Government has argued or conceded, that the imposition of punishments for such convictions would violate the Double Jeopardy Clause. *See, e.g.*, *United States v. Gonzales*, 841 F.3d 339, 355 (5th Cir. 2016); *United States v. Wilson*, 579 F. App'x 338, 348 (6th Cir. 2014); *United States v. Ablett*, 567 F. App'x 490, 491 (9th Cir. 2014). For these reasons, we have no trouble in now joining these circuits in holding that the Double

---

[1]The parties dispute whether Palacios's trial counsel actually raised the double jeopardy claim at trial. The record is unclear as to the precise issue counsel sought to advance before the trial court. What is apparent, however, is that although the district court indicated willingness to consider a double jeopardy argument regarding the firearm offenses after the jury returned its verdict, defense counsel did not assert the argument at that time. Accordingly, in reaching our holding, we assume that counsel did not adequately present the double jeopardy argument to the trial court.

7

Jeopardy Clause prohibits imposition of cumulative punishments for § 924(c) and § 924(j) convictions based on the same conduct.

The dispositive issue before us, however, is whether counsel's performance at trial in 2008 fell outside of the "wide range" of competent assistance because counsel failed to adequately raise the double jeopardy challenge. *Morris*, 917 F.3d at 823. Our review of counsel's performance in this analysis is "highly deferential." *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017). The Supreme Court has repeatedly instructed courts to "indulge a strong presumption that counsel" was effective. *Strickland*, 466 U.S. at 689.

Palacios can demonstrate ineffective assistance under *Strickland* if "existing case law" "sufficiently foreshadowed" the double jeopardy challenge such that trial counsel's failure to raise it rendered his performance constitutionally deficient. *Morris*, 917 F.3d at 824 (quoting *Shaw v. Wilson*, 721 F.3d 908, 916–17 (7th Cir. 2013)). Counsel must raise an argument where "relevant authority strongly suggest[s]" it. *Carthorne*, 878 F.3d at 466. But to be constitutionally effective, counsel need not identify *all* plausible arguments, including those that have never been raised before or which would require an extension in precedent. *See Morris*, 917 F.3d at 826. It is "not enough . . . that the law on this question was unsettled at the time . . . or that an objection would have been plausible and non-frivolous." *Id.*

We thus evaluate claims of ineffective assistance against the strength of case law as it existed at the time of the allegedly deficient representation. *Carthorne*, 878 F.3d at 466. Palacios does not point to any contemporary case in which a court accepted his double jeopardy argument. Indeed, at the time of Palacios's trial, no court had addressed the issue.

8

The first appellate court to consider such a double jeopardy challenge did not do so until three years after Palacios's trial — and that court rejected the argument. *See United States v. Julian*, 633 F.3d 1250, 1257–58 (11th Cir. 2011). A few months later, another circuit addressed the question and came to the opposite conclusion. *United States v. Garcia–Ortiz*, 657 F.3d 25, 28 (1st Cir. 2011) (finding a double jeopardy violation). The law was thus far from settled even in 2011, let alone at the time of Palacios's trial in 2008.

Moreover, before Palacios's trial, a then-recent unpublished opinion of this Court cast doubt on the likelihood of success of a double jeopardy argument challenging the § 924(c) and § 924(j) convictions. *See United States v. Drayton*, 267 F. App'x 192 (4th Cir. 2008). There, we upheld the sentences of a defendant convicted of violating both §§ 924(c) and 924(j). *Id*. at 197. To be sure, the double jeopardy challenge at issue here was not directly before us in *Drayton*. And "an unpublished and non-binding decision rejecting a defendant's position may not in all cases establish that counsel has no obligation to advance that position." *Morris*, 917 F.3d at 826. But given the absence of law on the question at that time, it is understandable that our nearly contemporaneous decision in *Drayton* may have reasonably dissuaded Palacios's trial counsel from bringing such a challenge.

Palacios's contrary argument rests on cases that recognized or suggested that the offense specified in § 924(c) is a lesser-included offense of that specified in § 924(j). Palacios cites, for example, our decision in *United States v. Smith*, 452 F.3d 323, 336 (4th Cir. 2006), in which we held that "a violation of § 924(c) is itself a conduct element of § 924(j)." But *Smith* so held in the context of an argument about venue — the opinion does

9

not even suggest any lurking constitutional problem with the imposition of cumulative punishment for violations of these two statutes.

Similarly, the First Circuit's acceptance of an argument that § 924(c) defines a lesser-included offense of § 924(j) in *United States v. Jimenez-Torres*, 435 F.3d 3, 10 (1st Cir. 2006), did not hint at any double jeopardy problem. *Jimenez-Torres* dealt only with ambiguity in a jury's general verdict. *Id*. And even where courts reached similar conclusions in the context of *other* double jeopardy arguments, those cases only involved challenges to cumulative punishment for both a § 924(j) conviction and its underlying predicate crime. *See, e.g.*, *United States v. Battle*, 289 F.3d 661 (10th Cir. 2002), *overruled on other grounds*, *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018); *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001), *vacated and remanded on other grounds*, 536 U.S. 953 (2002).

Moreover, none of these cases goes further than to hold that § 924(c) defines a lesser-included offense of § 924(j). This provides only the foundation on which to build a double jeopardy claim. The Supreme Court has cautioned that "simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test does not mean that the Double Jeopardy Clause precludes the imposition . . . of cumulative punishments pursuant to those statutes." *Hunter*, 459 U.S. at 368. Instead, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Id.* at 366; *see also Allen*, 247 F.3d at 767 ("[I]mposition of multiple punishments for the same underlying circumstances does not violate the Constitution as long as Congress intended it."). Therefore, a double

10

jeopardy argument will still fail if "there is a clear indication of . . . legislative intent" to impose cumulative punishments for the offenses. *Albernaz v. United States*, 450 U.S. 333, 340 (1981).

For this very reason, we have upheld cumulative punishments for violations of the statute at issue here, § 924(c), even though we recognized it was a lesser-included offense of another federal statute, 18 U.S.C. § 2119. *See United States v. Johnson*, 32 F.3d 82, 85 (4th Cir. 1994). In doing so, we reasoned from the statutory language in § 924(c)(1) that Congress had clearly intended to authorize cumulative punishments for violations of § 924(c) and § 2119. *Id.* By contrast, none of the cases on which Palacios relies even acknowledged this second step of the double jeopardy analysis.

For all of these reasons, we cannot conclude that the double jeopardy claim that Palacios now presses was sufficiently foreshadowed at the time of trial to render his counsel's failure to raise it constitutionally deficient representation. And because Palacios's claim fails on the performance prong, we need not address prejudice.[2]

---

[2] For the same reasons, we can quickly dispose of Palacios's argument that his appellate counsel's representation was ineffective. Moreover, appellate counsel need not present on appeal all issues that might have merit — appellate counsel is ineffective only for failing to raise issues that were "clearly stronger than those presented." *United States v. Mason*, 774 F.3d 824, 829 (4th Cir. 2014). Palacios's appellate counsel presented numerous arguments challenging the jury's finding of Palacios's guilt. *See Palacios*, 677 F.3d 234. Because of the unsettled state of the law at the time of his appeal, we cannot conclude that it was clear at the time that the double jeopardy argument was stronger than those arguments his appellate counsel did present.

IV.

We affirm the portion of the district court's order denying relief on Palacios's claim that counsel rendered ineffective assistance by failing to assert a double jeopardy defense. Accordingly, we deny a certificate of appealability and dismiss the remainder of the appeal.

*AFFIRMED IN PART;*
*DISMISSED IN PART*