**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4598

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAUL ERNESTO LANDAVERDE-GIRON,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge.  (8:15-cr-00258-PJM-3)

Submitted:  August 31, 2021                                    Decided:  January 11, 2022

Before GREGORY, Chief Judge, and NIEMEYER and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Elita C. Amato, LAW OFFICE OF ELITA C. AMATO, Arlington, Virginia, for Appellant. Brian A. Benczkowski, Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, Joshua K. Handell, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Robert K. Hur, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raul Ernesto Landaverde-Giron appeals his jury convictions for conspiracy to engage in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to commit murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5) (Count 2); murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1) (Count 3); using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 4); and murder resulting from using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(j) (Count 5), all relating to his membership in and activities for La Mara Salvatrucha ("MS-13").  Landaverde-Giron also appeals his sentence of two consecutive terms of life imprisonment plus 10 years and the district court's denial of his motion for a *Franks*[1] hearing and motion to suppress.  On appeal, Landaverde-Giron raises five arguments.  We affirm in part, vacate in part, and remand with instructions to correct the judgment consistent with this opinion.[2]

Landaverde-Giron first contends that the district court erred by denying his motion to suppress without a *Franks* hearing.  We review de novo a district court's legal determination whether a defendant "provided enough evidence to be entitled to a *Franks* hearing."  *United States v. Haas*, 986 F.3d 467, 474 (4th Cir. 2021), *petition for cert. filed*,

---

[1] *Franks v. Delaware*, 438 U.S. 154 (1978).

[2] We deny Landaverde-Giron's motion to hold this appeal in abeyance.

2

No. 21-5283 (U.S. July 28, 2021). Factual findings related to legal determinations are reviewed for clear error. *United States v. Jones*, 942 F.3d 634, 640 (4th Cir. 2019).

*Franks* hearings provide only "a narrow way to attack the validity of a search-warrant affidavit." *Haas*, 986 F.3d at 474 (internal quotation marks omitted). To obtain a *Franks* hearing, Landaverde-Giron "must make a substantial preliminary showing that (1) law enforcement made a false statement; (2) the false statement was made knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to the finding of probable cause." *United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019) (internal quotation marks omitted). An allegation of falsity "cannot be conclusory" but instead "must rest on affidavits or other evidence . . . showing that the statements at issue are objectively false." *Id.* (citations omitted). Even if falsity is established, "[t]he second showing, requiring intentional falsity or reckless disregard for the truth, is just as demanding. An innocent or even negligent mistake by the officer will not suffice." *Id.* at 371. As with the first showing, "the defendant must provide facts—not mere conclusory allegations." *Id.*

In arguing that he was entitled to a *Franks* hearing, Landaverde-Giron relies only on his own conclusory allegations to demonstrate intentional falsity or reckless disregard for the truth by the affiant. He points to no evidence supporting his conclusion that any alleged falsehoods about his Facebook account were made with the mental state required for a *Franks* hearing. Accordingly, the district court did not err in denying Landaverde-Giron's motion to suppress without a *Franks* hearing.

3

Next, Landaverde-Giron asserts that the evidence did not sufficiently establish that MS-13 was an enterprise for purposes of 18 U.S.C. §§ 1951(a)(1), (5), 1962(d). Challenges to the denial of a Fed. R. Crim. P. 29 motion for judgment of acquittal based on insufficiency of the evidence are reviewed de novo.[3] *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931 F.3d 281, 286 (4th Cir. 2019) (brackets and internal quotation marks omitted). In making this determination, "we must assume that the jury resolved any conflicting evidence in the prosecution's favor" and may not evaluate witness credibility. *Savage*, 885 F.3d at 219 (internal quotation marks omitted). The Government is given "the benefit of all reasonable inferences from the facts proven to those sought to be established." *Id.* at 219-20 (internal quotation marks omitted). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* at 219 (internal quotation marks omitted).

---

[3] The Government contends that Landaverde-Giron waived this argument before the district court. We disagree. Landaverde-Giron made two arguments below—that there was insufficient evidence to sustain his convictions on all counts and that murder in aid of racketeering was not a crime of violence.

4

To convict Landaverde-Giron of a Racketeer Influenced and Corrupt Organizations Act ("RICO")[4] conspiracy under 18 U.S.C. § 1962(d), the Government had to prove that:

> (1) an enterprise affecting interstate commerce existed; (2) each defendant knowingly and intentionally agreed with another person to conduct or participate in its affairs; and (3) each defendant knowingly and willfully agreed that he or some other member of the conspiracy would commit at least two racketeering acts.

*United States v. Zelaya*, 908 F.3d 920, 926 (4th Cir. 2018). And to convict him of the violent crimes in aid of racketeering ("VICAR") offenses of murder and conspiracy to commit murder under 18 U.S.C. § 1959(a)(1), (5), the Government had to establish that:

> (1) there was a RICO enterprise; (2) it was engaged in racketeering activity as defined in RICO; (3) the defendant . . . had a position in the enterprise; (4) the defendant committed the alleged crime of violence; and (5) his general purpose in so doing was to maintain or increase his position in the enterprise.

*Id.* at 926-27 (internal quotation marks omitted).

"A RICO enterprise is 'a group of persons associated together for a common purpose of engaging in a course of conduct,'" *United States v. Pinson*, 860 F.3d 152, 161 (4th Cir. 2017) (per curiam) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). Such "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[A]n association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v.*

---

[4] 18 U.S.C. §§ 1961-1968.

*United States*, 556 U.S. 938, 946 (2009). An "enterprise is simply a continuing unit that functions with a common purpose" and "need not have a hierarchical structure or a chain of command." *Id.* at 948 (internal quotation marks omitted); *see United States v. Mathis*, 932 F.3d 242, 259 (4th Cir. 2019) (recognizing that presence of chain of command "provides additional evidence of a functioning enterprise" (internal quotation marks omitted), and discussing evidence supporting conclusion that enterprise existed).

Landaverde-Giron contends that the MS-13 Normandie Clique in Maryland lacked the second structural feature necessary for an association-in-fact enterprise. The evidence, however, establishes that that clique worked in tandem with other MS-13 cliques in Maryland and the United States, the Normandie Clique's leadership in El Salvador, and MS-13 as a whole. Taking the evidence in the light most favorable to the Government, as we must, we conclude that the evidence at trial supports the jury's conclusion that MS-13 was an enterprise.

Landaverde-Giron also asserts that the predicate crime for his Count 4 and 5 convictions was not a crime of violence. We review de novo the question of whether an offense qualifies as a crime of violence. *Mathis*, 932 F.3d at 263. We analyze whether a VICAR violation for murder is a crime of violence by analyzing the elements of the predicate state offense of murder. *See id.* at 264-65 (analyzing Virginia first-degree murder in VICAR crime of violence context).

It is clear that Landaverde-Giron's predicate crime of violence was Maryland first-degree murder. In its verdict on the Count 1 conspiracy, the jury explicitly found that Landaverde-Giron joined Maryland first-degree murder and feloniously, willfully, and

6

with deliberately premeditated malice, murdered the victim.   The latter finding is linguistically consistent with Maryland's definition of first-degree murder, which requires "a deliberate, premeditated, and willful killing."   Md. Code Ann., Crim. Law § 2-201 (LexisNexis 2020).   Recently, this Court held Virginia's first-degree murder statute categorically qualifies as a crime of violence.  *See Mathis*, 932 F.3d at 265.  Like the statute here, the Virginia first-degree murder statute requires the "willful, deliberate, premeditated murder" of another.  *See id.*; Virginia Code Ann. § 18.2-32 (West 2021).  The *Mathis* Court held the Virginia statute qualified as a predicate crime of violence because murder requires the use of force used against another person.  *See Mathis*, 932 F.3d at 265.  The Maryland first-degree murder statute is indistinguishable from the Virginia statute in relevant regards as it also requires the willful use of force against another person.  *See* Md. Code Ann., Crim. Law § 2-201 (LexisNexis 2020).  We therefore conclude that the predicate offense of Maryland first-degree murder is categorically a crime of violence.

Landaverde-Giron also contends that convictions under § 924(j) should have sentences imposed concurrently rather than consecutively.  As he recognizes, however, we have previously held that § 924(j) mandates a consecutive sentence.  *United States v. Bran*, 776 F.3d 276, 281-82 (4th Cir. 2015).  Although Landaverde-Giron invites us to overturn this precedent, "a panel of this court cannot overrule the holding of an earlier panel." *United States v. Spinks*, 770 F.3d 285, 289 (4th Cir. 2014).  As such we are bound to deny his claim.

Lastly, Landaverde-Giron contends that his § 924(c) and § 924(j) convictions violate the Double Jeopardy Clause.  "We review de novo questions concerning the Double

7

Jeopardy Clause." *United States v. Schnittker*, 807 F.3d 77, 81 (4th Cir. 2017).  Because we have previously held "that the Double Jeopardy Clause prohibits imposition of cumulative punishments for § 924(c) and § 924(j) convictions based on the same conduct," *United States v. Palacios*, 982 F.3d 920, 925 (4th Cir. 2020), *cert. denied*, __ S. Ct. __, No. 20-7378, 2021 WL 2519335 (U.S. June 21, 2021), Landaverde-Giron's conviction on Count 4 violates the Double Jeopardy Clause, and thus that conviction cannot stand.

Accordingly, we vacate Landaverde-Giron's conviction and sentence on Count 4, affirm Landaverde-Giron's convictions and sentence on all other counts, and remand to the district court to correct the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

8