**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 19-4347**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TOYOSI ALATISHE, a/k/a Felix Victor Johnson,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge. (1:17-cr-00519-CCB-1)

Submitted: October 29, 2021                 Decided: March 16, 2022

Before WYNN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Stuart A. Berman, LERCH, EARLY & BREWER, CHTD., Bethesda, Maryland, for Appellant. Jonathan F. Lenzner, Acting United States Attorney, Harry M. Gruber, Dana J. Brusca, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Toyosi Alatishe appeals his convictions and 132-month sentence for conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(a)(2), (b)(2) (Count 1); four counts of access device fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1029(a)(2), (3) (Counts 2, 3, 4, and 5); five counts of aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1028A(a)(1), (c)(4) (Counts 6, 13, 14, 15, and 16); and six counts of wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1343 (Counts 7, 8, 9, 10, 11, and 12). On appeal, Alatishe argues that (1) his convictions on Counts 1 through 6 are not supported by sufficient evidence; (2) his convictions on Counts 14 through 16 violate the Double Jeopardy Clause; (3) the district court erred by failing to pronounce one of the special conditions of supervised release; (4) the district court plainly erred in calculating the loss amount used to determine his advisory Guidelines range; and (5) the court plainly erred in calculating the amount of restitution. For the following reasons, we affirm Alatishe's convictions, vacate his sentence, and remand for resentencing.

"We review a district court's denial of a [Fed. R. Crim. P. 29] motion for acquittal de novo." *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018). Denial of such a motion "is proper where, viewed in the light most favorable to the prosecution, substantial evidence supports a guilty verdict." *Id.* "Substantial evidence is evidence sufficient for a reasonable jury to find proof beyond a reasonable doubt of each element of the charged offense." *Id.* This standard presents a "heavy burden" for defendants, and reversal is

appropriate only when "the prosecution's failure is clear." *United States v. Pinson*, 860 F.3d 152, 161 (4th Cir. 2017) (internal quotation marks omitted).

To convict Alatishe of conspiracy to commit access device fraud under Count 1, the Government was required to prove that he was a party to a conspiracy to commit access device fraud and that some conduct in furtherance of the conspiracy occurred. *See* 18 U.S.C. § 1029(b)(2). To sustain a conviction for access device fraud on Counts 2, 3, and 4, the Government was required to prove that Alatishe (1) "knowingly and with intent to defraud," (2) "traffic[ked] in or use[d] one or more unauthorized access devices during any one-year period," (3) "by such conduct obtain[ed] anything of value aggregating $1,000 or more during that period," and (4) the offense affected interstate commerce. 18 U.S.C. § 1029(a)(2). To sustain a conviction under Count 5, the Government was required to prove that Alatishe "knowingly and with intent to defraud possesse[d] fifteen or more . . . counterfeit or unauthorized access devices," and that the possession affected interstate commerce. *Id.* § 1029(a)(3).

Alatishe argues that the Government failed to establish that his conduct affected interstate commerce. However, we have explained that the "broad[]" reference in § 1029(a) to "an offense which affects interstate commerce . . . establishes that Congress intended . . . to provide a very broad jurisdictional basis" for that offense. *United States v. Lee*, 818 F.2d 302, 306 (4th Cir. 1987) (internal quotation marks omitted). Furthermore, offenses under that statute do "not require a present nexus with interstate commerce." *United States v. Rushdan*, 870 F.2d 1509, 1514 n.3 (9th Cir. 1989). After reviewing the

record and the relevant authorities, we conclude that sufficient evidence supports the jury's verdict on Counts 1 through 5.

As to Count 6, "[a] conviction for aggravated identity theft under 18 U.S.C. § 1028A(a)(1) requires proof that the defendant (1) knowingly transferred, possessed, or used, (2) without lawful authority, (3) a means of identification of another person, (4) during and in relation to a predicate felony offense." *United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014) (internal quotation marks omitted). Alatishe argues that his conviction on this Count is invalid because it is not supported by a valid predicate offense. However, access device fraud and wire fraud are each valid predicate offenses, 18 U.S.C. § 1028A(c)(4), (5), and, as discussed above, there is no infirmity in Alatishe's convictions for those offenses.

Alatishe also argues that Counts 2 through 5 are invalid predicates because the indictment charges they occurred after the conduct charged in Count 6. Even assuming this timeframe issue *does* mean Counts 2 through 5 are defective predicates, Alatishe concedes Count 1 does not suffer from this issue. And because Count 1's conspiracy charge was coextensive with the substantive access-device-fraud charges in Counts 2 through 5, we see "no reasonable probability that the result of the proceeding would have been different had [Counts 2 through 5] not been listed as" predicate offenses. *See United States v. Steward*, 739 F. App'x 188, 190 (4th Cir. 2019). Accordingly, we conclude that a valid predicate offense supports Alatishe's conviction on Count 6.

Alatishe next argues that his convictions on Counts 14, 15, and 16 violate the Double Jeopardy Clause because the second superseding indictment did not charge distinct

4

offenses and therefore these counts were multiplicitous of Count 13. An indictment is multiplicitous, and thereby violates the Double Jeopardy Clause, if it charges "a single offense . . . in multiple . . . counts." *United States v. Thomas*, 669 F.3d 421, 425 (4th Cir. 2012) (internal quotation marks omitted); *see also United States v. Palacios*, 982 F.3d 920, 924 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2826 (2021). However, "[i]t is well-settled that a defendant may be charged and prosecuted for the same statutory offense multiple times when each prosecution is based on discre[te] acts that each constitute a crime." *United States v. Goodine*, 400 F.3d 202, 208 (4th Cir. 2005). Our review of the record leads us to conclude that each count of the indictment charges a distinct offense, and Alatishe's conviction on each of those counts did not subject him to double jeopardy for the same offense.

With respect to his sentence, Alatishe argues that the district court erred by failing to pronounce each of the special conditions of his supervised release imposed at sentencing. "[W]e review the consistency of [an] oral sentence and the written judgment de novo, comparing the sentencing transcript with the written judgment to determine whether an error occurred as a matter of law." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (internal quotation marks omitted). This is true even where a defendant fails to object to conditions included in the written judgment when "nothing occurred at sentencing that would have alerted [him] to the possibility that his written judgment might include unmentioned conditions of supervised release." *Id.* at 295.

Any supervised release conditions that are not "mandatory" under 18 U.S.C. § 3583(d) cannot be imposed "without an exercise of the district court's discretion, based

5

on its individualized assessment of the defendant and the statutory factors." *Id.* at 297 (brackets and internal quotation marks omitted). Accordingly, "in order to sentence a defendant to a non-mandatory condition of supervised release, the sentencing court must include that condition in its oral pronouncement of a defendant's sentence in open court." *United States v. Singletary*, 984 F.3d 341, 345 (4th Cir. 2021). These requirements apply to "any set of discretionary conditions." *Rogers*, 961 F.3d at 297.

Here, the written judgment imposed three types of release conditions: "mandatory" conditions, "standard" conditions, and "special" conditions. Of those conditions, only those labeled as "mandatory" are required by statute. Accordingly, all the other conditions the sentencing court imposed are discretionary, and, therefore, the court was required to orally pronounce them during sentencing. *See Rogers*, 961 F.3d at 297. While a district court "may satisfy its obligation to orally pronounce discretionary conditions through incorporation," such as by reference to the Guidelines or a standing order of the court, *see id.* at 299, the sentencing court did not do so here. Rather, the sentencing court did not pronounce at sentencing any of the "standard" conditions listed in the amended judgment, nor did it pronounce the "special" condition listed in the amended judgment requiring that Alatishe take all mental health medications that are prescribed by his treating physician. Due to these omissions, "[w]e are left without any objective indication that at the time of sentencing—the time that counts, when the defendant is in the courtroom—the district

6

court actually imposed any" of these non-mandatory conditions on Alatishe's supervised release, *id.* at 300, and we therefore vacate Alatishe's sentence.[*]

Accordingly, we affirm Alatishe's convictions, vacate his sentence, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[*] We decline to address Alatishe's argument regarding the reasonableness of the unpronounced special condition of his supervised release relating to any mental health medication that his physician may prescribe. *See Singletary*, 984 F.3d at 346-47 (noting we have no occasion to address "the adequacy of the explanation for special conditions of [a defendant's] now-vacated supervised-release sentence, or the validity of a [special] condition never imposed on [the defendant]," and that doing so "would come perilously close to a forbidden advisory opinion"). Furthermore, because the sentence must be vacated in its entirety, we further decline to address Alatishe's arguments regarding the district court's calculation of the loss amount and restitution.