**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-7450**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

OLUWASEGUN OGUN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Rebecca Beach Smith, Senior District Judge.  (4:12-cr-00004-RBS-TEM-1; 4:16-cv-00097-RBS)

---

**No. 20-6578**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CORBIN ALEXANDER DICKERSON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. John A. Gibney, Jr., Senior District Judge. (3:09-cr-00283-JAG-3; 3:16-cv-00443-JAG)

———————————

Submitted: February 7, 2022                                   Decided: March 22, 2022

———————————

Before MOTZ, DIAZ, and RICHARDSON, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Laura J. Koenig, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellants. G. Zachary Terwilliger, United States Attorney, Jessica D. Aber, United States Attorney, Aidan Taft Grano-Mickelsen, Assistant United States Attorney, Daniel T. Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Appellants contend that their 18 U.S.C. § 924(c) convictions are infirm because they rest—at least in part—on invalid predicate offenses. Though Appellants claim otherwise, we conclude that our recent decision in *United States v. Crawley*, 2 F.4th 257 (4th Cir. 2021), *cert. denied*, __ S. Ct. __, 2022 WL 89589 (U.S. Jan. 10, 2022), forecloses Appellants' challenge. Thus, we affirm.

In 2012, Oluwasegun Ogun pleaded guilty, pursuant to a plea agreement and a statement of facts incorporated therein, to three offenses: one count of conspiracy to commit Hobbs Act robbery (Count 1), in violation of 18 U.S.C. § 1951(a); and two counts of brandishing a firearm during a crime of violence (Counts 5 and 6), in violation of 18 U.S.C. § 924(c)(1)(A). For Count 5, the indictment alleged two predicate crimes of violence: Count 1's Hobbs Act conspiracy and a substantive count of Hobbs Act robbery— pertaining to the robbery of a Cold Stone Creamery restaurant—charged in Count 2. Count 6 likewise identified a pair of predicates: the Count 1 conspiracy and a Hobbs Act robbery of a Subway restaurant, which was charged in Count 3. The district court sentenced Ogun to 421 months' imprisonment.

Similarly, in 2009, Corbin Alexander Dickerson pleaded guilty, pursuant to a plea agreement and an incorporated statement of facts, to using, carrying, possessing, and brandishing a firearm in relation to a crime of violence (Count 7), in violation of 18 U.S.C. § 924(c). As with Ogun, Dickerson's indictment alleged Hobbs Act conspiracy (Count 1) and Hobbs Act robbery (Count 6) as the two predicate offenses supporting the § 924(c)

3

charge. Dickerson received a 120-month prison sentence, plus a 5-year term of supervised release.

In 2016, Appellants, relying on *Johnson*,[*] each moved under 28 U.S.C. § 2255 to vacate their § 924(c) convictions. After the district court denied relief on Ogun's motion, this court granted a certificate of appealability on the question of "whether an 18 U.S.C. § 924(c) conviction is infirm if it rests on multiple predicate crimes of violence, at least one of which is invalid." *United States v. Ogun*, No. 16-7450 (4th Cir. Nov. 2, 2020) (unpublished order). As to Dickerson, the district court denied relief on his motion but granted a certificate of appealability on this same issue.

"We review a district court's denial of relief on a § 2255 motion de novo." *United States v. Palacios*, 982 F.3d 920, 923 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2826 (2021). In the wake of *Johnson* and its progeny, this court has determined that one of the predicates at issue—conspiracy to commit Hobbs Act robbery—is not a crime of violence for purposes of § 924(c). *See United States v. Ali*, 991 F.3d 561, 573 (4th Cir.), *cert. denied*, 142 S. Ct. 486 (2021). Substantive Hobbs Act robbery, on the other hand, continues to qualify as a valid § 924(c) predicate. *See id.*

In *United States v. Crawley*—for which these appeals were placed in abeyance—we held that, if a defendant's § 924(c) conviction is "expressly based on [a] valid and invalid predicate," then it "remains sound following *Johnson* and its progeny." 2 F.4th at

---

[*] *Johnson v. United States*, 576 U.S. 591, 606 (2015) (holding that residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague).

4

263.  In other words, we will uphold a § 924(c) conviction if it is "expressly predicated" on at least one offense that categorically qualifies as a crime of violence or drug trafficking crime.  *Id.*  To determine which predicate offenses underlie a § 924(c) conviction obtained by a guilty plea, we may look to "the critical record documents," *id.* at 267, which include the indictment, the plea agreement, the statement of facts, and the plea colloquy, *id.* at 263-64.  At bottom, the inquiry centers on whether "the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty," *id.* at 265 (internal quotation marks omitted), and, if so, whether that offense is a valid predicate, *id.* at 263.

As discussed above, Ogun's indictment expressly identified a valid predicate (Hobbs Act robbery) and an invalid predicate (Hobbs Act conspiracy) as the crimes of violence underlying his § 924(c) charges.  And the statement of facts bore out these allegations, as Ogun admitted that he and his coconspirator agreed to commit—and did in fact commit—gunpoint robberies of two restaurants.  The same was true for Dickerson: the indictment alleged that the § 924(c) conviction was predicated on Hobbs Act conspiracy and Hobbs Act robbery, and Dickerson admitted in the statement of facts to conspiring to commit several robberies over a three-month period, including a restaurant robbery where Dickerson served as the getaway driver while his confederates brandished a firearm and stole money from the restaurant safe.

So, having reviewed the critical record documents in each case, we are satisfied that each of the § 924(c) charges was expressly based on a valid predicate and an invalid predicate.  Under *Crawley*, that is enough to sustain Appellants' convictions.

5

Appellants' attempts to distinguish *Crawley* are unpersuasive. First, Appellants correctly note that, in *Crawley*, the predicates at issue—Hobbs Act conspiracy and a drug trafficking offense, 2 F.4th at 260—were wholly distinct, whereas the predicates here involved different violations of the same criminal statute. But nothing in *Crawley* indicates that its holding is limited to situations in which one predicate is a crime of violence and the other is a drug trafficking crime. Rather, *Crawley* broadly speaks to instances in which "a § 924(c) conviction [is] based on one valid and one invalid predicate offense." 2 F.4th at 263. Such is the situation here.

Second, Appellants contend that, unlike in *Crawley*, the records in their cases do not unambiguously establish "which predicate offense—the valid or the invalid—formed the basis for" their § 924(c) convictions. But this argument incorrectly presupposes that only one offense can serve as the predicate for a given § 924(c) charge. Moreover, these cases are, in fact, similar to *Crawley* because, in all three cases, the defendant's "statement of facts supporting the plea include[s] proof of both predicate offenses." 2 F.4th at 267. Thus, like the court in *Crawley*, we discern no ambiguity in the predicates that underlaid Appellants' § 924(c) convictions.

Accordingly, we affirm the judgments denying relief on Appellants' § 2255 motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*